USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND AND TRAINING PROGRAM
FUND, and JOHN J. VIRGA, in his fiduciary
capacity as Director,

        Plaintiffs,

   -against-

PRECISE BRICK INC., IANNELLI
CONSTRUCTION CO., INC. and SAFECO
INSURANCE COMPANY OF AMERICA,

        Defendants.
------------------------------------------------------------x

08 Civ. 8373 (SHS)

MEMORANDUM &
  ORDER

SIDNEY H. STEIN, U.S. District Judge.

  Plaintiffs have brought this action to recover, *inter alia,* unpaid fringe benefit contributions pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. After defendant Precise Brick Inc. failed to comply in any respect with all three of this Court's discovery orders, plaintiffs moved for sanctions pursuant to Fed. R. Civ. P. 37(b). Plaintiffs request that the Court strike defendant's answer and enter judgment by default against Precise.

I.  **BACKGROUND**

  Plaintiffs are ERISA funds that were created to benefit members of the Mason Tenders Union. Pursuant to two collective bargaining agreements with the Building Contractors Association, Inc., plaintiffs collect fringe benefit contributions from

1

contractors who employ Union members. (Compl. ¶1.) Precise is a member of the Building Contractors Association, and thus is required to make contributions to plaintiffs and to "remit dues checkoffs and [Political Action Committee] contributions deducted from wages paid to employees who authorize said deductions." (Compl. ¶ 7.) Plaintiffs allege that Precise failed to make the required payments for work Union members performed under subcontracts with defendant and general contractor Iannelli Construction Co., Inc. (Compl. ¶ 14.) Plaintiffs brought this action pursuant to the collective bargaining agreements and ERISA to recover the unpaid contributions.

Both ERISA and the collective bargaining agreements authorize plaintiffs to collect unpaid contributions and dues checkoffs, interest, liquidated damages, audit fees, and "reasonable attorneys' fees." In December 2008, plaintiffs settled this litigation with Iannelli and Iannelli's Insurer, Safeco Insurance Company of America, in the amount of $114,999.14. (Affidavit of Michael Vollbrecht dated April 22, 2009 In Support of Motion to Strike Answer and For Judgment By Default ("Volbrecht Aff.") ¶ 17.) The settlement amount included a portion of the delinquent contributions but did not include interest, liquidated damages, audit fees or attorneys' fees. Plaintiffs now seek a default judgment against Precise, the only remaining defendant, in the amount of $170,295.66. That amount includes the remainder of the unpaid contributions and dues checkoffs, as well as the entirety of the interest, the liquidated damages, audit fees and attorneys' fees originally sought against all three defendants. (Vollbrecht Aff. ¶¶ 45, 48, 51, 55, 57, 59, 63.) (Affirmation of Mark Vaughan In Opposition dated May 14, 2009 ("Vaughan Affirm.") ¶ 7.) Essentially, plaintiffs now seek from Precise everything they sought but did not collect from the other two defendants.

## II.     DEFAULT JUDGMENT AS A SANCTION

A default judgment is the most severe sanction provided by Fed. R. Civ. P. 37(b), because it terminates the case. Nevertheless, the United States Supreme Court has written that this extreme sanction "must be available in the appropriate cases" both as a penalty and as a deterrent. National Hockey v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). Furthermore, a default judgment is an appropriate sanction when failure to comply with discovery orders is willful and in bad faith. Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991); *cf.* Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 139 (2d Cir. 2007) citing United States v. Funds Held in the Name of Wetterer, 210 F.3d 96, 106 (2d Cir. 2000). District courts have "wide discretion" when deciding whether default judgment is an appropriate sanction. Daval Steel Products, 951 F.2d at 1365.

In this case, Precise ignored three separate discovery orders by this Court, failing to provide plaintiffs with documents, admissions, and interrogatories. Defendants failed to complete discovery by the original date this Court set in December, and then ignored two subsequent orders to comply with plaintiffs' requests. No. 08 Civ 8373 (S.D.N.Y. filed Dec. 12, 2008; Feb. 6, 2009; and Mar. 27, 2009). In response to the plaintiffs' motion, Precise does not claim that it failed to comply with this Court's three orders; rather, the response disputes the amount of damages. (Vaughan Affirm. ¶¶ 1-10.) Precise's continued—and continuing—disregard of clear and precise discovery orders is both willful and in bad faith. A default judgment is appropriate.

### III.    CALCULATION OF DAMAGES

    A.    <u>Damages Claimed</u>

Plaintiffs calculate the damages they seek from Precise as $49,594.53 in unpaid fringe benefit contributions; $24,243.18 in interest on the unpaid fringe benefit contributions; $24,243.18 in liquidated damages; $6,165.38 in unpaid dues checkoffs and PAC contributions; $2,851.42 in interest on the unpaid dues checkoffs; $147.02 in interest on the unpaid PAC contributions; $49,507.45 for the cost of auditing Precise's books; $470 for court costs; and $13,073.50 in attorneys' fees. (Vollbrecht Aff. ¶ 67.) Precise contends that these calculations represent greater losses than those for which Precise is responsible and are therefore improper. (Vaughan affirm. ¶ 3.)

However, Precise and Iannelli are jointly and severally liable for the contract claims pursuant to the two relevant collective bargaining agreements (Article III §3(c), Ex. A to Vollbrecht Aff.; Article III §3(c), Ex. B to Vollbrecht Aff.,) as well as ERISA claims. <u>In re WorldCom, Inc. ERISA Litig.</u>, 339 F.Supp.2d 561, 568 (S.D.N.Y. 2004) ("ERISA imposes joint and several liability on defendants"). As such, Precise is liable for the unpaid contributions, interest, liquidated damages and fees that are due, but have not been recovered by plaintiffs in the settlements with Iannelli and Safeco.

    b.    <u>Attorneys' fees</u>

Both the collective bargaining agreements and ERISA grant discretion to the court in assessing reasonable attorneys' fees. (Article VI § 18(f)(D), Ex. A; Article VI § 18(f)(D), Ex. B to Volbrecht Aff.) 29 U.S.C. § 1132(g)(1), (2)(D) (ERISA allows the

4

court to grant attorneys' fees to either party, while the collective bargaining agreements only call for attorneys' fees in the event that plaintiffs prevail). In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action," 29 U.S.C. 1132(g)(1); see also 29 U.S.C. 1132(g)(2)(D); see also Mendez v. Teachers Ins. and Annuity Ass'n and College Retirement, 982 F.2d 783, 789 (2d Cir. 1992) ("The calculation of attorney's fees in an ERISA action will not be disturbed absent an abuse of discretion.")

Plaintiffs ask this Court to award $13,073.50 in attorneys' fees, which consists of "$3,116.00 attributable to work done on the lawsuit generally or affecting all three Defendants similarly; $3,325.00 attributable to work done solely with respect to the settling Defendants; and $6,632.50 attributable to work done solely with respect to Precise." (Vaughan Affirm. ¶ 7.) (Ex. S; Ex. T; Ex. U to Vollbrecht Aff.) The court finds that a reasonable attorneys' fee should reflect only the work done with respect to Precise. Accordingly, plaintiffs are awarded $6,632.50 in attorneys' fees for work done solely regarding the recovery of money from Precise.

### III. CONCLUSION

Because Defendant has failed to comply with three discovery orders, judgment by default is entered in plaintiffs' favor.

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike Precise's Answer and enter judgment by default against Precise is granted;
2. Pursuant to Fed. R. Civ. P. 37(b)(2)(iii), defendant's Answer is stricken;

5

3. Final judgment by default is entered in favor of plaintiffs and against defendant Precise Brick Inc. in the sum of $163,854.70

Dated: New York, New York
      June 15, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.